**EXHIBIT A**



TAMMY KAPALOSKI
Senior Attorney
(801) 933-8955
kapaloski.tammy@dorsey.com

November 14, 2022

**VIA ELECTRONIC MAIL**

Jared E. Berg
Berg Law, LLC
136 E. South Temple Suite 1530
Salt Lake City, UT 84111

    Re:    *Crumbl LLC v. Dirty Dough LLC*, Case No. 2:22-cv-00318-HCN-CMR

Dear Jared:

**A.**    **Background**

    On July 27, 2022, Crumbl served its First Set of Discovery Requests to Defendant Dirty Dough. Dirty Dough served its responses on August 26, 2022. On September 30, 2022, Dirty Dough served Supplemental Responses to correct various deficiencies in its responses that Crumbl brought to its attention. Dirty Dough's Supplemental Responses failed to correct many of the identified deficiencies, however. As a result, on October 14, 2022, Crumbl filed a Short Form Discovery Motion related to Dirty Dough's Supplemental Responses (the "Discovery Motion"). *See* ECF No. 52. On October 31, 2022, the Court granted the Discovery Motion in part. *See* ECF 55. Specifically, the Court ordered that, within 10 days of the Court's order, "Dirty Dough must submit complete supplemental responses and any boilerplate objections must be clarified and it must explain specific objections to each discovery request." *See id*. at 2. The Court further ordered the parties to "meet and confer within five days following the supplementation to address any outstanding issues." *Id*. In response to the Court's order, at 10:41 p.m. on November 10, 2022, Dirty Dough served its Second Supplemental Responses to Plaintiffs' First Set of Discovery Requests (the "Second Supp. Resp."). Pursuant to the Court's order, we write concerning several continuing deficiencies in the Second Supp. Resp.

**B.**    **Dirty Dough Has Still Failed to Produce Metadata:**

    As noted in our prior correspondence, despite the requirement in the Scheduling Order requiring the production of metadata, Dirty Dough failed to provide metadata for its production to date. *See* ECF No. 52-3 (Exhibit 3 to Discovery Motion). Dirty Dough's Second Supp. Resp. did not include this metadata.

**C.**    **Continued Deficiencies in Dirty Dough's Second Supplemental Interrogatory Responses:**

    **Interrogatory No. 1**: The final sentence on page 2 of the Second Supp. Resp. states that "Bradley Maxwell and Wade Rasmussen, who are principals of B Maxwell Enterprises and



Rasmussen Operations, respectively, are both involved in company operations." We believe that "Bradley Maxwell" may be a typo here. Please clarify whether this should read "Bennett Maxwell." We believe that the same typo may be present in the first sentence on page 3 as well. Please clarify.

**Interrogatory No. 5**: Dirty Dough's second supplemental response to Interrogatory No. 5 fails to correct the deficiency previously identified to you in writing and brought to the Court's attention in the Discovery Motion. *See* ECF 52 (Discovery Motion at 2); ECF No. 52-5 (Exhibit 5 to Discovery Motion at page 3, paragraph 5). Interrogatory No. 5 requires Dirty Dough to "identify all documents and things concerning Crumbl, or referring or relating to Crumbl, that any owners, employees, or former employees took or removed from Crumbl . . . ." In its Second Supp. Response (as with its prior two responses), Dirty Dough admits that it "has had access to documents related to Crumbl" and that the "documents in question have been produced previously." This is not a complete and proper response to Interrogatory No. 5. Dirty Dough is required to identify the documents regarding Crumbl. Crumbl's First Set of Discovery Requests defined what is required by "identify in relation to documents," which includes to provide "a basic description of the nature of the document." Although Dirty Dough admits to having access to Crumbl documents, it fails to provide any description of the Crumbl documents as required.

D. **Continued Deficiencies in Dirty Dough's Second Supplemental Responses:**

**Dirty Dough's Improper Objections**: Crumbl's Discovery Motion argued that "Dirty Dough's boilerplate objections lack the specificity required by Rule 34(b)(2)(B). *See* ECF 52 at 2. In the Court's Order, the Court expressly ordered "any boilerplate objections must be clarified and [Dirty Dough] must explain specific objections to each discovery request." ECF 55 at 2. Dirty Dough has failed to comply with this clear Court Order. For example, in Dirty Dough's Second Supp. Resp. to RFP 2, it objects "on the grounds that it is overly broad and unduly burdensome and on the grounds it seeks information not relevant to the parties' claims and defenses or likely to lead to the discovery of admissible evidence, and that is disproportionate to the needs of the case." These are the same boilerplate objections that Dirty Dough asserted in its prior two deficient responses. Despite the Court's Order, Dirty Dough failed to clarify these boilerplate objections or to explain any specific objections. Despite the Court's Order, Dirty Dough also failed to clarify its boilerplate objections or to explain any specific objections in its Second Supp. Responses to the following RFPs: 2, 3, 4, 6, and 7.

**Request for Production No. 2**: This RFP required Dirty Dough to "produce all communications and documents regarding, concerning, or referring to Crumbl . . . ." In addition to asserting improper boilerplate objections with no explanation, Dirty Dough's response simply reiterated its prior insufficient responses: "Dirty Dough has produced the documents related to and belonging to Crumbl to which it has had access." As noted in Crumbl's Discovery Motion and in our prior correspondence, however, this response does not meet the requirement of RFP 2. *See* ECF 52-5 (Exhibit 5 to the Discovery Motion) at page 4, ¶8 ("The only information regarding Crumbl that Dirty Dough has produced, however, is Crumbl's own confidential information . . . . **RFP No. 2 is not limited to the Crumbl trade secrets that Dirty Dough kept on its Google Drive. Dirty Dough must produce all documents in its possession regarding Crumbl**.") (emphasis added). Dirty Dough has still failed to produce any documents regarding Crumbl other than Crumbl's own documents that Bradley Maxwell improperly took



and provided to Dirty Dough.  This is not what RFP is requesting, and Dirty Dough still fails to respond to RFP No. 2.

**Request for Production No. 5**:  RFP 5 requested "all Communications and Documents relating to the use, transfer, deletion, or storage of any documents owned, created, or generated by Crumbl or any of Crumbl's current or former employees."  Dirty Dough's response to RFP 5 has remained identical throughout its three written responses:  "Dirty Dough will produce under separate cover the documents in its possession, custody, or control responsive to Request for Production No. 5."  Despite this, Dirty Dough has failed to produce any responsive documents.

**Request for Production No. 6**:  This RFP requests "all communications and documents related to the development of Dirty Dough's franchise systems, including but not limited to, communications and documents related to the development of the franchise systems, locating potential franchisees, and determining potential franchise locations."  Defendant's Second Supplemental Response to RFP No. 6, repeated its improper boilerplate objections.  Although the Court ordered Dirty Dough to clarify its boilerplate objections and to explain each specific objection, Dirty Dough failed to do so.  In violation of FRCP 34(b)(2)(C), Dirty Dough also continues to fail to state whether it is withholding any documents on the basis of its specific objections.  In addition to its improper objections, Dirty Dough stated that it "is producing documents responsive to this request under separate cover."  Dirty Dough has failed to produce documents responsive to this request, however.

**E.     Request to Meet and Confer on Tuesday, November 15**:

Pursuant to the Court's order, we need to meet and confer on these outstanding issues within five days following your supplementation.  Please let us know when you are available to meet and confer on these issues tomorrow:  **November 15**.  With the exception of 1:00-1:30 pm MST, we are available to meet and confer telephonically any time tomorrow.

Sincerely,

DORSEY & WHITNEY LLP

Tammy Kapaloski
Senior Attorney