Tamara L. Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Fax: (801) 933-7373
kapaloski.tammy@dorsey.com

Case Collard (admitted pro hac vice)
**DORSEY & WHITNEY LLP**
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 689-3400
Fax: (303) 629-3450
collard.case@dorsey.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CRUMBL LLC**, a Utah Limited Liability Company, **CRUMBL IP, LLC**, a Utah Limited Liability Company, and **CRUMBL FRANCHISING, LLC**, a Utah Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>**DIRTY DOUGH LLC**, an Arizona Limited Liability Company, and **BRADLEY MAXWELL**,<br><br>Defendants. | **PLAINTIFFS' SHORT FORM DISCOVERY MOTION TO COMPEL SUFFICIENT RESPONSES TO DISCOVERY REQUESTS TO BRADLEY MAXWELL**<br><br><br>Civil No. 2:22-cv-00318-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

Plaintiffs Crumbl move the Court to compel Defendant Bradley Maxwell to correct deficiencies in his discovery responses. *See* Requests (**Exhibit 1)**, RFA Responses **(Exhibit 2)**, Amended Interrogatory Responses (**Exhibit 3**), and Amended Request for Production Responses **(Exhibit4)**. Crumbl sent written notice of deficiencies on November 25, 2022 (**Exhibit 5**), and Crumbl's counsel (Tammy Kapaloski) conferred with Maxwell's counsel (Sean Egan) on January 2, 2023 (10:30am). Following the January 2 meet and confer, Maxwell agreed to amend his

Interrogatory Responses and Request for Production Responses, but those amendments, received on January 6, 2023, do not correct the following deficiencies:

*First*, Maxwell asserted broad boilerplate objections (**Exhibits 3-4**) that lack the specificity required by Rules 33(b)(4). *See* ECF 55 (Order on Discovery Motion) at 2 ("any boilerplate objections must be clarified and [Dirty Dough] must explain specific objections to each discovery request").

*Second*, Maxwell's responses to Interrogatories 1 and 3 and Requests for Admission 3-4 are inconsistent with the record evidence, including Bradley's own prior judicial admission, leading Crumbl to believe that the answers are inaccurate and incomplete. *See* **Exh. 5** at 2, 5-6 (identifying record inconsistencies with Maxwell's Crumbl employment dates and the date he obtained Dirty Dough equity). Where "the moving party has presented information that calls into question the veracity of the responding party's representation," the court may compel "further responses." *Cotton v. Costco Wholesale Corp.*, 2013 WL 3819974, *3 (D. Kan. 2013).

*Third*, Maxwell invoked Rule 33(d) in response to Interrogatory No. 5 (Exh. 3 at 4) but failed to specify the records he claims are responsive.

*Fourth*, Maxwell declined to respond to Interrogatory No. 11 because it "seeks a legal opinion." Exh. 3 at 6. "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact," however. FRCP 33(a)(2). Maxwell must respond.

*Fifth*, in response to RFPs 1, 2, 5, 6, 7, 9, 10, and 11, Maxwell states that he will produce documents "to the extent they exist or have not already been produced." Exh. 4 at 3, 5-7. This leaves Crumbl guessing as to whether documents exist, whether Maxwell contends they have been

produced, or whether they will be produced. Maxwell must either produce documents, state that none exist, or specifically identify the documents he contends respond to each request. *See Heuskin v. D&E Transp.,* 2020 WL 1450575, at *14 (D.N.M. 2020) ("Plaintiff shall either provide, or specifically identify if already produced, documentation responsive to [RFPs]; [w]here no responsive documents are in his possession . . ., Plaintiff must so certify."); *Thymes v. Verizon Wireless, Inc.*, 2017 U.S. Dist. LEXIS 56688, *18 (D.N.M. 2017) (ordering party to "produce or specifically identify the documents that contain responsive communications"); *Lozoya v. Allphase Landscape Constr.,* 2014 WL 222068, at *2 (D. Colo. 2014) ("Parties must specify where in their productions the opposing party may find the responsive data.").

    Respectfully submitted the 6th day of January, 2023.

    DORSEY & WHITNEY LLP

    */s/ Tamara L. Kapaloski*
    Case Collard (admitted pro hac vice)
    Tamara L. Kapaloski (#13471)

    *Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2023, the foregoing document was electronically filed with the CM/ECF system of the U.S. District Court for the District of Utah. The CM/ECF system sent a Notice of Electronic Filing to the attorneys of record.

/s/ Tamara L. Kapaloski